**D. C. FEDERATION OF CIVIC ASSO-CIATIONS et al., Plaintiffs,**

v.

**John A. VOLPE et al., Defendants.**

**Civ. A. No. 2821-69.**

United States District Court
District of Columbia.

Jan. 12, 1970.

**424**

Roberts B. Owen, Gerald P. Norton, Covington & Burling, Washington, D. C., for plaintiffs.

Thomas L. McKevitt, Atty., Dept. of Justice, Washington, D. C., for defendant Federal government.

Patrick O'Donnell, Asst. Corp. Counsel, District of Columbia, Washington, D. C., for defendant District of Columbia government.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

This court has carefully considered the argument of counsel and the memoranda of all parties in support of their respective motions for summary judgment. The subject of this litigation, the Three Sisters Bridge between Virginia and the District of Columbia, has been a matter of controversy for several years in the courts, the Congress and the various agencies of the District of Columbia government. In February, 1968, the Court of Appeals for the District of Columbia Circuit in the case of D. C. Federation of Civic Associations, Inc. v. Airis, 129 U.S.App.D.C. 125, 391 F.2d 478, reversed the decision of Judge Holtzoff of this court, and enjoined the construction of the Bridge and several other freeway projects until the District of Columbia had complied with the planning provisions of Title 7 of the D.C. Code.

In response to this decision, the Congress enacted Section 23 of the Federal-Aid Highway Act of 1968, 82 Stat. 815, the pertinent part of which provides:

(a) Notwithstanding any other provisions of law or any court decision or administrative action to the contrary, the Secretary of Transportation and the government of the District of Columbia shall * * * construct all routes on the Interstate System * * *. Such construction shall be undertaken as soon as possible after the date of enactment of this Act, except as otherwise provided in this section and shall be carried out in accordance with all applicable provisions of title 23 of the United States Code.

(b) Not later than 30 days after the date of enactment * * * the government of the District of Columbia shall commence work on the following projects:

(1) Three Sisters Bridge * * *.

The plaintiffs here contend that the District of Columbia and Federal government should be enjoined from going forward with the construction of the Bridge until they have complied with the various planning and public hearing requirements of Title 23 of the United States Code. They base this argument on a broad reading of the language of Section 23 of the 1968 Act "in accordance with all applicable provisions of title 23 of the United States Code."

Both the Federal and the District of Columbia defendants argue that the intent of Congress in the 1968 Act was that the construction of the Bridge should proceed forthwith, with no further planning procedures necessary. They read the "in accordance with all applicable provisions of title 23" language to mean that only the provisions of Title 23 which deal with actual construction, rather than the planning and public hearing requirements, are to be applied in connection with the Bridge project.

The resolution of this suit thus comes down to a question of statutory interpretation. The court is of the opinion that the interpretation of Section 23 of the 1968 Highway Act proposed by the defendants is the most reasonable. The court has taken into consideration the fact that the Act was passed soon after the *Airis* decision, *supra,* which had held up the construction of the Bridge pending compliance with the planning provisions of the D.C.Code. That this was a factor motivating the passage of this legislation is shown by the opening language of Section 23(a) "[n]otwithstanding * * * any court decision * * * to the contrary." The intent of Congress is most clearly shown by the provision that work shall commence on the Bridge "[not] later than 30 days after the date of enactment." The Court believes that in passing this legislation, Congress intended that the District of Columbia commence construction on the Bridge project as soon as possible, and that no further planning or hearing requirements of Title 23 need be complied with.

Since the District and Federal defendants have complied in substance with Section 23 of the 1968 Act, it is by the Court this 12th day of January, 1970,

Ordered that the motions of the Federal and District of Columbia defendants for summary judgment be, and the same hereby are, granted, and the plaintiffs' motion for summary judgment be, and the same hereby is, denied.