**D. C. FEDERATION OF CIVIC ASSO-CIATIONS et al., Appellants,**

**v.**

**John A. VOLPE, Secretary of Transportation, et al.**

**No. 74-1974.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 6, 1975.

C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, Richard W. Barton and David P. Sutton, Asst. Corp. Counsels, Washington, D. C., were on the pleadings for appellee, District of Columbia.

Roberts B. Owen and Stuart C. Stock, Washington, D. C., were on the pleadings for appellants.

Before WRIGHT and LEVENTHAL, Circuit Judges.

## ORDER

On consideration of the motion to dismiss or affirm, the motion for a supplemental briefing schedule, and the responses thereto, it is

Ordered by the Court that the case is remanded to the District Court for action as set out in the attached memorandum opinion, and it is

Further ordered by the Court that the motion to dismiss or affirm, as well as the motion for a supplemental briefing schedule, are denied as moot.

PER CURIAM:

This case arises in the aftermath of appellants' successful efforts to stop construction of the Three Sisters Bridge.[1] After this Court's final remand of that litigation to the District Court, appellants moved in that court for an award of reasonable attorneys' fees against the District of Columbia defendants. In support of that motion, they argued that fees could be awarded them either under the "common fund" and "substantial benefit to members of an ascertainable class" theories of *Sprague v. Ticonic National Bank,* 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939) and *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970), or under the "private attorney general" theory of *New-*

man v. Piggie Park Enterprises,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), and cases following it. However, on March 22, 1974, the District Court issued an Amended Final Judgment in the case, which, *inter alia,* denied the motion for attorneys' fees without explanation.

Thirteen days later, on April 4, this Court, sitting *en banc,* decided *Wilderness Society v. Morton,* 161 U.S.App.D.C. 446, 495 F.2d 1026 (1974), *reversed sub nom. Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (May 12, 1975). In *Wilderness Society,* this Court for the first time adopted the "private attorney general" theory and awarded attorneys' fees on that basis. Thereafter, on April 19—within the time for appeal from the Amended Final Judgment—appellants filed in the District Court a motion for reconsideration under Fed.R.Civ.P. 60(b)(1),[2] in which they urged that *Wilderness Society* required the District Court to modify its order and award them attorneys' fees. They proceeded under Rule 60(b)—and allowed the time for appeal from the Amended Final Judgment to expire—on the theory that the District Judge, when this Court's intervening decision was called to his attention, would correct his order and award attorneys' fees, thus making resort to this Court unnecessary.

On June 21, the District Court, without explanation, denied the motion for reconsideration. Appellants took an appeal from that denial and proceeded to file briefs in this Court in which they relied exclusively on *Wilderness Society* and on the "private attorney general" theory approved therein. However, after briefing had been completed but before oral argument had been heard, the Supreme Court decided *Alyeska Pipeline Service Co. v. Wilderness Society, supra,*

---

1. *D. C. Federation of Civic Associations v. Volpe,* 308 F.Supp. 423 (D.D.C.1970), *rev'd and remanded,* 140 U.S.App.D.C. 162, 434 F.2d 436, *on remand,* 316 F.Supp. 754 (D.D.C.1970), *rev'd and remanded,* 148 U.S.App.D.C. 207, 459 F.2d 1231 (1971), *cert. denied,* 405 U.S. 1030, 92 S.Ct. 1290, 31 L.Ed.2d 489 (1972).

2. Rule 60(b)(1) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . .

which reversed this Court's decision in *Wilderness Society* and disapproved the award of attorneys' fees under a "private attorney general" theory.

Appellees now move for summary affirmance of the order denying reconsideration. They point out that, since appellants did not appeal from the Amended Final Judgment, but only from the order denying reconsideration, only those questions which were raised by the motion for reconsideration are presented by the instant appeal.[3] Since appellants did not make their "common benefit" argument in the motion for reconsideration, but relied exclusively on the "private attorney general" theory approved in *Wilderness Society,* appellees argue that appellants have lost the right to raise the former theory before this Court. They then point out that the latter theory has been dealt a fatal blow by the Supreme Court's *Alyeska* decision. Essentially, appellees' argument seems to be that, although the District Judge's decision denying reconsideration may have been error when it was made, that decision was rendered retroactively correct by *Alyeska,* and is error no longer. Their ultimate contention, of course, is that as of this time both of appellants' theories on appeal have been foreclosed, and the order denying reconsideration must be summarily affirmed.

■ We cannot countenance such a result. In the first place, we think that appellants followed a logical and proper course in asking the District Judge to reconsider an order which was inconsistent with an intervening decision of this Court. At least two other circuits permit such intervening appellate decisions to be raised within the time for appeal by motion under Rule 60(b)(1), *Schildhaus v. Moe,* 335 F.2d 529 (2d Cir. 1964); *Tarkington v. U. S. Lines,* 222 F.2d 358 (2d Cir. 1955); *Oliver v. Home*

*Indemnity Co.,* 470 F.2d 329 (5th Cir. 1972),[4] and Professor Moore has pointed out that such a rule "would infuse needed flexibility into our procedure, and allow the district court to correct judicial error that must otherwise be corrected on appeal." 7 W. Moore, *Federal Practice* ¶ 60.22(3) at 260–261 (1974). We agree. There is no question here of action by the losing party in the District Court after lapse of the time for appeal, and it is obviously sound administration for litigants to provide the District Courts with the opportunity to correct "errors" of this sort, and to spare this court unnecessary appeals.

■ In our view, the District Judge abused his discretion in failing to respond at all when confronted with a new *en banc* decision of this Court on one of the major points raised in the motion for an award of attorneys' fees. Sound judicial administration required him either to conform to the appellate precedent of this court, or at the very least, to vacate that portion of the Amended Final Judgment which denied attorneys' fees, and hold the motion in abeyance pending the Supreme Court's ultimate resolution of the issue. Had that been done, one final order disposing of both of appellants' legal theories would have been entered, and that order, when appealed, would have brought both theories before this Court.

In the interest of justice, and in order to place appellants as nearly as possible in the position in which they would have been had the proper course been followed, we remand the case to the District Court with instructions that that portion of the Amended Final Judgment which denied the request for attorneys' fees be vacated, and that a new order be entered ruling on the motion. This new order would very likely be a denial, in view of all subsequent decisions, but still

---

**3.** *Daylo v. Administrator of Veterans' Affairs,* 163 U.S.App.D.C. 251, 254 n. 21, 501 F.2d 811, 815 n. 21 (1974); *Pulliam v. Pulliam,* 156 U.S. App.D.C. 25, 27, 478 F.2d 935, 937 (1973).

**4.** We note that at least two circuits have decided not to permit such use to be made of Rule 60(b)(1). *Silk v. Sandoval,* 435 F.2d 1266 (1st Cir. 1971); *Swam v. U. S.,* 327 F.2d 431 (7th Cir. 1964).

there would be a new order that would be appealable to this court on the merits. In aid of our prospective appellate jurisdiction, we request of the District Judge a statement of his reasons for denying the motion insofar as it relied on the "substantial benefit [to] members of an ascertainable class" theory of *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970).

So ordered.