MONTGOMERY WARD AND
COMPANY, INC., Appellant,

v.

Emma SMITH and Hoyal Smith, a/k/a
Royal Smith, Appellees.

No. 79–260.

District of Columbia Court of Appeals.

Submitted Nov. 13, 1979.

Decided Jan. 9, 1980.

Robert J. Sheridan, Camp Springs was on the brief for appellant.

Jerry Thomas, Jr., Washington, D. C., was on the brief for appellee Emma Smith.

Before GALLAGHER, NEBEKER and MACK, Associate Judges.

MACK, Associate Judge:

Appellant, Montgomery Ward and Company Inc. (Montgomery Ward) asks us to rule that the trial court erred when it dismissed its case without prejudice, sua sponte, for failure to prove its claim. Because appellant has not presented us with a substantial question for review we dismiss this appeal pursuant to D.C.App.R. 42(c).[1]

1. The District of Columbia Court of Appeals Rule 42(c) provides:

The court, on its own motion, or on motion of a party, may dismiss an appeal for any appropriate reason. Such motion may be decided by the court upon the record and without oral argument.

Montgomery Ward sued appellee Emma Smith and her husband for the outstanding balance due on her charge account. On the day of trial, scheduled before the court without a jury, appellee appeared pro se; her husband was not present. As a preliminary matter, the judge granted Montgomery Ward's motion for a default judgment against Mr. Smith.

Montgomery Ward called the appellee as its first witness. She admitted that she had a charge account with Montgomery Ward, and that the debt was incurred primarily through the purchase of clothing and household necessities. Next Montgomery Ward called its credit manager, who identified a photostat of Mrs. Smith's credit application, signed only by Mrs. Smith. The court commented on the poor quality of the copy used as the exhibit, noting that it was barely legible. Next the credit manager identified the collection status card for the account, which revealed that appellee owed approximately $1800. The court asked the witness what purchases comprised that figure, stating that he wanted to see the sales slips. Counsel for Montgomery Ward indicated it was not prepared to present them, and argued that this evidence was unnecessary since the defendant had admitted on the stand that she had made the purchases for necessities. At this point the court set aside the default judgment against Mr. Smith since he had not signed the application. The judge told Montgomery Ward it would have to produce the sales slips to show which purchases were for necessities in order to hold the husband responsible. Whereupon the judge dismissed Montgomery Ward's case, without prejudice, for failure of proof. The record reveals no objections by Montgomery Ward to the court's action, no proffer of additional proof, or request for a continuance. Montgomery Ward's exhibits had not been introduced into evidence, nor had it rested its case at the time of dismissal.

In this appeal, Montgomery Ward identifies three potential sources of error. 1) It was error for the trial court sitting without a jury to dismiss sua sponte plaintiff's case prior to the complete presentation of its evidence. 2) In considering dismissal of plaintiff's case, the judge erred by not viewing plaintiff's evidence as it would pursuant to a motion for a directed verdict, *i.e.*, as true with all reasonable inferences in plaintiff's favor. 3) It was error to vacate the default judgment against the husband; a new trial was the proper remedy. We view these arguments as frivolous.

■ At the outset, we note that the dismissal of a case without prejudice is a final judgment for purposes of appellate review.[2] *United States v. Wallace Co.*, 336 U.S. 793, 794–95 n. 1, 69 S.Ct. 824, 825–826, 93 L.Ed. 1042 (1949); *see generally* 9 Moore's Federal Practice ¶ 110.13(1); 9 Wright & Miller Federal Practice and Procedure: *Jurisdiction* § 3914 (1976). The underlying rationale for considering this a final judgment is that the numbered cause has been disposed of in its entirety and removed from the court's docket. It is final in the sense that the trial court can do nothing more in the cause as it existed. More importantly, the factual or legal determination behind the trial court's dismissal often presents a serious issue for review. It is this last consideration that persuades us that we are bound to dismiss this appeal. While technically we have jurisdiction, there is simply no underlying issue raising a substantial question for our consideration.

■ We can dispose of appellant's second and third contentions summarily. The trial judge clearly had the power to vacate the default judgment, particularly since no formal entry had been made in the case. When it became apparent that the charge account was not in the husband's

---

**2.** A different issue is presented where a *complaint* is dismissed without prejudice. In that situation, a reviewing court might regard the action as not final since the deficiency could be corrected by plaintiff's amendment of the complaint. *See, e. g., Borelli v. City of Reading,*

532 F.2d 950 (3d Cir. 1976). In the instant case, appellant's entire cause was dismissed. We reserve for a future case the determination of whether dismissal of a complaint without prejudice is a final decision in this jurisdiction.

name, the judge had more than ample reason to vacate the default.[3] Likewise, appellant's contention that, faced with a motion to dismiss, a judge sitting without a jury must view the evidence in a light most favorable to the plaintiff, is without merit. The parties to this appeal have both characterized the judge's action as the equivalent of a Rule 41(b) involuntary dismissal. The cases cited by appellant indicating a directed verdict standard are no longer the law in this jurisdiction. *Marshall v. District of Columbia*, D.C.App., 391 A.2d 1374 (1978); *Keefer v. Keefer and Johnson, Inc.*, D.C. App., 361 A.2d 172 (1976).

 We come now to appellant's major argument that it was error for the judge to dismiss the claim before it had completed its prima facie case. We are puzzled as to why Montgomery Ward has chosen to appeal this point. Its cause was dismissed without prejudice.[4] It need merely re-file the matter, presumably prepared to present better evidence both in legible quality and detail.[5] We can take no action in this court which would place it in a better position. Even if we were to reverse the dismissal, we could not order an entry of judgment for plaintiff. Montgomery Ward would still be required to complete its case, at least to the extent of moving its exhibits into evidence. Moreover, defendant would be entitled to both cross-examine plaintiff's witnesses and present a case of its own. Our reviewing action here would be limited to remanding the case for a new trial, or for a continuation of the proceedings below. In either case, plaintiff would be in substantially the same position that it is now.

Admittedly, the trial court might have resolved the matter more properly by granting a continuance, or waiting until plaintiff had finished its case and dismissing the matter with prejudice. Nevertheless, we choose not to review the trial court's ruling in this case, because appellant has suffered no harm.[6] Montgomery Ward has an appealable final decision, but no meritorious issue to raise. We are not a forum for scrutinizing the legal correctness of every action taken by the trial court, but rather only those resulting in actual harm or prejudice to a party. Appellant here asks us, in essence, to render an advisory opinion. This we will not do. Accordingly, the appeal is dismissed.

NEBEKER, Associate Judge, concurs in the judgment of the court only.

---

3. Because the account was only in Emma Smith's name, appellant's case against the husband was based on the common law theory that a husband is responsible for his wife's debts for the purchase of necessities. Proof in such a case requires more than evidence of the marriage and existence of the wife's debt. To reach the husband, the creditor must show 1) that the items were for necessities and the husband failed to furnish them, or 2) the wife had express or apparent authority to pledge the husband's credit. *See Cromwell v. Anderson Furniture Co.*, D.C.App., 195 A.2d 264 (1963). Thus when the judge restored the husband as an active party in the case, the type of proof necessary to make a prima facie showing changed considerably.

4. The major case cited by appellant is *Merriam v. Sugrue*, D.C.Mun.App., 41 A.2d 166 (1945). In that case, as in the others relied upon by Montgomery Ward, the actions were dismissed with prejudice, a significant (and fatal) difference from appellant's situation.

5. We will not comment on the trial court's requirement of additional proof in this case other than to note that weighing the sufficiency of a party's evidence rests in its sound discretion.

6. A different case might be presented had Montgomery Ward argued any prejudice because of the dismissal, such as a statute of limitation problem. *See, e. g., Carr v. Grace*, 516 F.2d 502 (5th Cir. 1975).