**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., Appellants,**

**v.**

**Enid BROWN, et al., Appellees.**

**No. 90–1334.**

District of Columbia Court of Appeals.

Argued May 6, 1991.

Decided June 19, 1991.

Marie Manuele Gavigan, for appellants.

Fred D. Carney, Jr. for appellee Enid Brown.

Before ROGERS, Chief Judge, and STEADMAN and FARRELL, Associate Judges.

STEADMAN, Associate Judge:

In this lawsuit over a traffic accident, defendant Enid Brown's motion to quash service of process and to dismiss was granted by the trial court without preju-

dice,[1] and the order docketed on June 7, 1990. Over two and one-half months later, on August 23, 1990, the plaintiffs filed a "motion for reconsideration" of the order, which was denied. An appeal from that denial is now before us.[2]

In the motion for reconsideration, plaintiffs set forth three grounds for granting the motion: 1) the affidavit of the process server stated that the recipient of the summons admitted that she lived with the defendant; 2) defendant had participated in pretrial proceedings by answering and propounding interrogatories, and thus had waived objection to the sufficiency of process; 3) dismissal of the complaint was improper in any event. However, the defendant's motion to quash service had attached an affidavit by the recipient of the summons stating that she did not reside at the defendant's premises and had so advised the process server. In addition, the defendant's answer had stated as her first defense: "Defendant denies proper service of valid process."

The Superior Court civil rules do not deal with a "motion for reconsideration" as such. Rather, any motion so labelled must more precisely be categorized under the specific subsections of Rule 59 ("New trials; amendment of judgments") and Rule 60 ("Relief from judgment or order").

Since any motions under Rule 59 must be filed within ten days, plaintiffs' motion for reconsideration here could only be considered, if at all,[3] as one made under Rule 60. *See Wallace*, note 3 *supra*, 482 A.2d at 805.

Clearly, the order quashing the service of process and dismissing the complaint was an appealable "final order," D.C. Code § 11–721(a)(1) (1989); *Montgomery Ward & Co. v. Smith*, 412 A.2d 728, 729 (D.C.1980), from which no timely appeal was taken. D.C.App.R. 4(a) (appeal to be taken within thirty days of entry of judgment or order appealed from). It is a long-standing and basic principle that "a motion under Rule 60(b) may not be utilized as a substitute for an appeal." *Joseph v. Parekh*, 351 A.2d 204, 205 (D.C.1976); 7 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 60.18[8], at 60–140 & n. 7 (2d ed. 1991) (citing numerous cases). Consequently, in reviewing a denial by the trial court of a motion under Rule 60(b), we do not review or determine the merits of the underlying action but only decide whether there has been an abuse of discretion by the trial court. *Id.*[4]

Here, appellants filed their motion after the time within which to appeal had expired.[5] Appellants in their motion to re-

---

1. The summons was left with a person who, it was asserted, did not in fact reside in the defendant's home, as required by Super.Ct.Civ.R. 4(d)(1). Although the trial court order is silent on the point, all parties proceed on the basis that the dismissal was without prejudice.

2. A default judgment was entered against a co-defendant, the driver of the car. No appeal is taken from that judgment. Enid Brown was the car's owner.

3. *Compare In re Tyree*, 493 A.2d 314, 317 n. 5 (D.C.1985) (motion for reconsideration asserting an error of law, ordinarily a motion under Rule 59, may, if late filed, be treated as motion for relief from judgment under Rule 60(b)) *with D.D. v. M.T.*, 550 A.2d 37, 42 (D.C.1988) (where movant seeks relief from original order on basis of error of law, and does not cite new or changed circumstances, trial court lacks jurisdiction to hear motion if not timely filed under Rule 59(e)). *See also Wallace v. Warehouse Employees Union No. 730*, 482 A.2d 801, 805 n.

13 (D.C.1984) (noting split of authority generally on this issue).

4. Abuse of discretion in denying the Rule 60(b) motion is, of course, a different matter from abuse of discretion in the original order. *Cf. Rubin v. Lee*, 577 A.2d 1158, 1161 (D.C.1990) (abuse of discretion in dismissal found on direct appeal).

5. This would be true even if the trial court had granted the thirty-day extension authorized by D.C.App.R. 4(a)(4). There is solid support, in fact, for the proposition that a purported motion under Rule 60(b) which only asserts a trial court error of law in the order in question is not filed "within a reasonable time" as required by Rule 60(b) unless it is filed within the time allowed for appeal from the order itself, and may therefore be denied solely on the basis of untimely filing. 7 J. MOORE, MOORE'S FEDERAL PRACTICE, *supra*, ¶ 60.22[3] ); *D.C.Fed. of Civic Assn's v. Volpe*, 172 U.S.App.D.C. 51, 520 F.2d 451 (1975). We do not reach that issue here. *See also* note 3 *supra*.

consider presented no new or additional circumstances that were not before the trial court at the time of ruling on the motion to quash and dismiss.[6] They presented no grounds why the ruling on the original motion involved substantial injustice or even any prejudice[7] to appellants other than the time and inconvenience in having to refile the complaint, effect proper service, and perhaps propound the interrogatories anew, nor do they to us now on appeal. *Cf.* Super.Ct.Civ.R. 61; *Montgomery Ward & Co., supra,* 412 A.2d 728 (where no harm shown, court dismisses appeal from dismissal of case without prejudice).[8] Every argument made by appellants could have been made on a direct appeal or a timely motion under Rule 59.[9] Under the circumstances here, we perceive no basis to overturn the trial court's decision to deny the motion to reconsider.

*Affirmed.*

---

6. As explained in *Wallace,* note 3 *supra,* 482 A.2d at 804, a difference between Rule 59(e) motions and Rule 60(b) motions is whether, for the first time, the movant is requesting consideration of additional circumstances (Rule 60(b)) or whether the movant is seeking relief from the adverse consequences of the original order on the basis of error of law (Rule 59(e)).

7. Thus, the situation here is markedly different from those cases where we have found an abuse of discretion by a trial court in refusing to vacate a default judgment. *See, e.g., Starling v. Jephunneh Lawrence & Assocs.,* 495 A.2d 1157 (D.C.1985).

8. The case before us thus differs from *In re Tyree,* note 3 *supra,* 493 A.2d 314, where the

trial court had dismissed a complaint for failure to state a cause of action and was held to have abused its discretion in refusing to reconsider that action. Since appellants' complaint in fact did state a cause of action, a refiling could not have cured the trial court's erroneous ruling.

9. While Rule 59 speaks in terms of relief from a "judgment," that term is defined in Rule 54(a) as encompassing "any order from which an appeal lies." Had appellants filed a timely motion under Rule 59, the running of the period for appeal would of course have been stayed. D.C. App.R. 4(a)(2); *Coleman v. Lee Washington Hauling Co.,* 388 A.2d 44, 45 n. 2 (D.C.1978).