995 F.2d 305
 301 U.S.App.D.C. 405, 2 A.D. Cases 1008
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Lawrence C. CARTER, Appellant,
v.
James D. WATKINS, Admiral, et al.
 No. 92-5077.
 United States Court of Appeals, District of Columbia Circuit.
 May 25, 1993.
 
 Before WALD, BUCKLEY, and WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and on the briefs submitted by the parties. See D.C.Cir.R. 13(i). After full review of the issues presented, the court concludes that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c). On consideration thereof and for the reasons set forth in the attached memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by the court that the judgment of the district court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Appellant alleges that the United States Department of Energy violated the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 701-796i (1992), by failing to reasonably accommodate his handicapped condition. The district court held that no reasonable accommodation was necessary, and appellant asks this court to overturn that decision. Because we find that the trial court did not abuse its discretion in denying appellant's Motion for Reconsideration under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6), we affirm.
 
 I. BACKGROUND
 
 5
 Mr. Carter filed this action against the Department of Energy, asserting that he is an otherwise qualified handicapped federal employee and that the Department failed to reasonably accommodate his handicapping condition, migraine headaches. Carter v. Watkins, No. 90-2751, slip op. at 1 (D.D.C. Dec. 23, 1991). In a Memorandum Opinion filed December 23, 1991, District Judge Richey entered judgment for the defendant, having found that although Mr. Carter established a handicapping condition, he had failed to provide "any correlation of [his] headaches to any specific aspect of the workplace, let alone any indication of what the agency should do to redress the problem." Id. at 7 (emphasis in original).
 
 
 6
 Appellant filed a Motion for Reconsideration under Rule 60(b) on January 16, 1992, arguing that the district court had erred in not taking into account certain medical documents as well as the affirmative duty of the federal government to make reasonable accommodations for a known handicapping condition. See Carter v. Watkins, No. 90-2751 (D.D.C. Feb. 3, 1992) (Order denying Motion for Reconsideration). The district court denied the Motion for Reconsideration on February 3, 1992, on the basis that appellant had failed to raise any "new issues" and had not demonstrated that the court's decision constituted legal error. Id. On March 3, 1992, appellant filed a Notice of Appeal from the court's decision on the Rule 60 motion.
 
 II. ANALYSIS
 
 7
 Under the Federal Rules of Appellate Procedure, an appeal in an action involving the United States must be filed within 60 days. Fed.R.App.P. 4(a)(1). Twenty-four days after the court entered its decision in this case, appellant challenged its determination under Rule 60(b). This action did not toll the time for an appeal. See Center for Nuclear Responsibility, Inc. v. NRC, 781 F.2d 935, 939 (D.C.Cir.1986). See also Fed.R.App.P. 4(a)(4). Absent tolling, appellant's Notice of Appeal came more than 60 days after the court's December 23, 1991, opinion; thus, appellant challenges only the court's denial of his Motion for Reconsideration.
 
 
 8
 We will review a district court's denial of such a motion only for an abuse of discretion; and, of course, review of the Rule 60 motion does not reach the underlying judgment. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978). Rule 60(b)(1) allows the district court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... (1) mistake, inadvertence, surprise or excusable neglect." Fed.R.Civ.P. 60(b)(1). The question before us, then, is whether the court abused its discretion in determining that its December 23, 1991, opinion was not the product of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).
 
 
 9
 We find that under the law of this circuit the district court did not abuse its discretion in rejecting appellant's Motion for Reconsideration. Until 1948, Rule 60(b)(1) applied only to the mistakes and inadvertence of a party, and not to those of the court itself. See 11 Wright & Miller, Federal Practice and Procedure § 2858, at 176 (1992). Since the 1948 amendment to the Rule, the courts of appeals have split over whether errors in legal reasoning may be corrected by Rule 60(b)(1) motions. See Center for Nuclear Responsibility, 781 F.2d at 939.
 
 
 10
 We addressed this issue in D.C.Fed'n of Civic Ass'ns v. Volpe, 520 F.2d 451 (D.C.Cir.1975). In that case, the appellant entered a Rule 60(b)(1) motion requesting amendment of the court's attorney's fee award in light of a post-judgment change in the law of the circuit. On appeal, we held that the district court had erred in failing to amend its decision. We later noted, however, that
 
 
 11
 [a]lthough Volpe could be read as adopting the more liberal interpretation of Rule 60(b)(1), allowing correction of substantive legal errors during the appeal period, that case involved the unique situation where the controlling law of the circuit had changed between the time of the judgment and the time of the motion.
 
 
 12
 Center for Nuclear Responsibility, 781 F.2d at 940. Recognizing the limited nature of the Volpe decision, the court in Center for Nuclear Responsibility reserved the question of whether to extend "this rule to allow corrections of substantive legal errors where no such change in the law of the circuit has occurred." Id.
 
 
 13
 We see no need to reach that question today. In Volpe, we defined "mistake" in Rule 60(b)(1) to include substantive legal errors in a highly limited circumstance not present here. Appellant failed to raise any arguments, in his Motion for Reconsideration, for extending the Volpe exception to this case. Under the circumstances, we are unable to find that the district court abused its discretion in denying the Motion on the basis of its original reasoning. See Carter v. Watkins, No. 90-2751, Order at 2-3.
 
 
 14
 Appellant also requests relief under Rule 60(b)(6), which allows relief for "any other reason." Decisions under this subsection lie firmly within the discretion of the district court, and the leading cases on the subject make clear that relief is available only under "extraordinary circumstances." Ackermann v. United States, 340 U.S. 193, 199-201 (1950); see also Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673, 682 (7th Cir.1983). Suffice it to say that a dispute over the proper interpretation of a statute does not qualify as an extraordinary circumstance under Rule 60(b)(6).
 
 
 15
 For the reasons stated in this memorandum, the district court's decision in this case is
 
 
 16
 Affirmed.