**LLOYD F. UKWU, P.C., Appellant,**

v.

**BELL ATLANTIC–WASHINGTON, D.C. INC., Appellee.**

No. 94–CV–301.

District of Columbia Court of Appeals.

Submitted Dec. 13, 1994.

Decided Jan. 19, 1995.

Lloyd F. Ukwu, pro se.

Lester B. Seidel and Melissa R. Davis, were on the brief, for appellee.

Before FERREN, STEADMAN, and KING, Associate Judges.

FERREN, Associate Judge:

Appellant Lloyd F. Ukwu appeals from a trial court order dismissing his counterclaim against Bell Atlantic without prejudice. Ukwu alleges that the trial court abused its discretion. We affirm.

On February 22, 1993, Bell Atlantic filed a complaint against Ukwu and a summons was issued. On March 29, 1993, the summons and complaint were served on Ukwu by hand delivery at his place of business. Ukwu did not respond to the complaint, and, on June 4, 1993, the court entered a default judgment against him in the amount of $4,248, plus interest and costs. On June 15, 1993, Ukwu filed an answer, counterclaim, and jury demand. On July 9, 1993, Bell Atlantic filed a motion to strike Ukwu's answer, counterclaim, and jury demand. Ukwu did not respond to the motion to strike. However, on July 23, 1993, Ukwu filed a motion to quash service and set aside order of default judgment. On August 16, 1993, Bell Atlantic filed an opposition to Ukwu's motion.

On September 21, 1993, the trial court granted Ukwu's motion. The court's order relieved Ukwu of the default judgment, accepted for filing his answer to Bell Atlantic's original complaint, denied Bell Atlantic's motion to strike, and stated that the case would be reset for an initial scheduling conference. On September 21, 1993 the Superior Court Clerk's office sent notice to Bell Atlantic and Ukwu that an initial scheduling conference would be held on October 22, 1993 at 9:30

a.m. in courtroom # 200 of the Superior Court.

On October 5, 1993, Bell Atlantic filed a motion to dismiss Ukwu's counterclaim for failure to comply with Super.Ct.Civ.R. 10(b) concerning the form of his pleadings. Ukwu did not respond to this motion. On October 22, 1993 Ukwu failed to appear at the scheduling conference. Based on Ukwu's failure to appear, the trial court granted Bell Atlantic's motion to dismiss Ukwu's counterclaim "with prejudice" and reinstated the judgment against Ukwu in the amount of $4,248, plus interest and costs.

On November 17, 1993, Ukwu filed a motion to set aside the order dismissing the counterclaim. This motion requested the trial court to vacate its dismissal of Ukwu's counterclaim pursuant to Super.Ct.Civ.R. 60(b)(1) because Ukwu had not received notice of the October 22 scheduling conference. Bell Atlantic filed a motion in opposition. On February 25, 1994, the trial court entered an Order vacating the dismissal of Ukwu's counterclaim "with prejudice," but reentering the dismissal of the counterclaim "without prejudice." It is from the trial court's Order of February 25, 1994, dismissing his counterclaim *without prejudice* that Ukwu now appeals.

■ Although neither party has raised the jurisdictional issue, we note at the outset that the trial court's order dismissing appellant's counterclaim without prejudice, is an appealable final order. *See* D.C.Code § 11–721(a)(1) (1989 Repl.); *State Farm Mut. Auto Ins. Co. v. Brown,* 593 A.2d 184, 185 (D.C.1991); *Montgomery Ward & Co. v. Smith,* 412 A.2d 728, 729 (D.C.1980).

Appellant contends the trial court abused its discretion because it dismissed his complaint without prejudice, absent any showing that he had deliberately failed to prosecute his claim. However, the absence of evidence showing a deliberate failure to prosecute was precisely the reason that the trial court, on February 25, 1994, vacated its earlier dismissal with prejudice and, instead, entered a dismissal without prejudice:

> No evidence was presented clearly showing Defendant's failure to prosecute was willful or deliberate; rather, Defendant's failure to prosecute was negligent. Therefore, the dismissal with prejudice should be vacated and reentered as dismissal without prejudice.

Indeed, notwithstanding the clarity of the trial court's language, appellant's entire brief is geared toward attacking the dismissal of his counterclaim with prejudice.[1]

Because appellant's argument focuses on reversal of a dismissal with prejudice, we reiterate, for the sake of clarity, that a dismissal without prejudice is at issue here. The trial court's order of October 29, 1993, dismissing appellant's counterclaim with prejudice was vacated by the order of February 25, 1994, dismissing the counterclaim without prejudice. It is the order of February 25, 1994, that Ukwu appealed. The dismissal with prejudice is not, nor could it be, the subject of this appeal. *See* D.C.Code § 11–721(a).

■ We find no abuse of discretion in the trial court's decision to dismiss appellant's claim without prejudice. "A trial court may, in its discretion, dismiss a claim which has not been prosecuted with reasonable diligence." *Beckwith v. Beckwith,* 379 A.2d 955, 958 (D.C.1977) (citing *Link·v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)), *cert. denied,* 436 U.S. 907, 98 S.Ct. 2239, 56 L.Ed.2d 405 (1978). The dismissal of appellant's counterclaim was based on appellant's failure to appear at the scheduling conference on October 22, 1993, and on his failure to oppose appellee's earlier motions to strike and dismiss the counterclaim. Appellant claimed that he had failed to appear at the conference because he had never received notice. The trial court found, however, that appellant had previously claimed relief from judgment on the ground of lack of service, and that appellant's failure to appear at the scheduling conference was only the most recent instance of appellant's

---

1. Appellant refers to the disposition that he is challenging as a dismissal "without prejudice" only once, in the "statement of facts" section of his brief. Thereafter, he refers solely to a dismissal "with prejudice."

disregard for Superior Court procedures. *See* Order, February 25, 1994 ("Plaintiff has now shown a pattern of Defendant's [counterclaimant's] dilatory conduct.")

In *Stuckey v. Ahmad,* 644 A.2d 1377 (D.C. 1994), we vacated a dismissal based on failure to appear at a scheduling conference where the record itself showed that counsel had not been sent any notice of the conference. Here, in contrast, the record reflects both that notice was sent to Ukwu and that he has a history of claiming lack of notice. *See Joyce v. Walker,* 593 A.2d 199, 202 (D.C.1991) (where plaintiff's previous claims of lack of notice were contradicted by evidence of personal service, any hardship suffered by the plaintiff was "entirely of her own making"), *cert. denied,* 502 U.S. 1007, 112 S.Ct. 645, 116 L.Ed.2d 662 (1991). In light of appellant's failure to appear for the scheduling conference and of the manner in which he had conducted himself in the litigation up to that point, we find no abuse of discretion in the trial court's decision to dismiss his complaint without prejudice.

■ Appellant's second argument, that the trial court should have considered a lesser sanction than dismissal, merits little attention. In *Bussell v. Berkshire Associates,* 626 A.2d 22, 25–26 (D.C.1993), we reversed a dismissal with prejudice because the trial court did not "somehow indicate" that it had considered lesser sanctions. Here, in contrast, the trial court's February 25, 1994, Order concluded that appellant is deserving of a less severe sanction (dismissal without prejudice) than he had previously received. Appellant, furthermore, has neither alleged nor shown that he has been harmed by the dismissal of his counterclaim without prejudice. *See State Farm Mut. Auto Ins. Co.,* 593 A.2d at 186 (affirming denial of motion to reconsider dismissal without prejudice where appellant "presented no grounds why the ruling on the original motion involved substantial injustice or even any prejudice ... other than the time and inconvenience in having to refile the complaint"); *cf. Stuckey* 644 A.2d at 1378, n. 2 (vacating dismissal without prejudice where "difficulties with service of process as well as possible limitations problems made a renewed filing of the complaint problematical"). Given appellant's unwillingness to play by the rules, a dismissal without prejudice appears to us to be a relatively generous disposition.

*Affirmed.*