Clinton W. CHAPMAN, Esq., et al., Appellants,

v.

Edward NORWIND, Esq., Appellee.

No. 94-CV-104.

District of Columbia Court of Appeals.

Submitted Nov. 18, 1994.

Decided Jan. 30, 1995.

---

James W. Cobb, Washington, DC, was on the brief for appellants.

Barry J. Nace and Mark R. Lightfoot, Washington, DC, were on the brief, for appellee.

Before STEADMAN and SCHWELB, Associate Judges, and BELSON, Senior Judge.

BELSON, Senior Judge:

Appellant, Clinton W. Chapman, Esq., appeals the trial court's dismissal of his claim against appellee, Edward Norwind, Esq., pursuant to Super.Ct.Civ.R. 37(b), for failure to provide discovery, and the court's denial of Chapman's subsequent motion for reconsideration.[1] Finding no abuse of discretion, we affirm.

Chapman and Norwind were associated for several years in the practice of law pursuant to an arrangement the details of which are in dispute. Norwind left Chapman's firm and took with him the case of Francisco Pineda which Norwind subsequently prosecuted successfully, obtaining a judgment in the amount of $500,000. Chapman brought this action against Norwind and the firm of which Norwind had become a partner after parting ways with Chapman, alleging breach of oral contract regarding monies earned from cases Norwind took with him from Chapman's firm, an agreement which allegedly covered the Pineda judgment, and seeking compensatory and punitive damages, an accounting, and other relief.

Norwind moved to dismiss the complaint pursuant to Super.Ct.Civ.R. 37(b) "and/or 41(b)," alleging various discovery abuses on the part of Chapman.[2] It appears that Chapman did not attend when his deposition was scheduled for March 9 and then again for April 22, 1993, citing "a conflict in person-al schedules." At the time of the second cancellation, Chapman's counsel sent Norwind a letter dated April 20, 1993 suggesting new dates for Norwind's deposition of Chapman. Norwind's counsel replied on April 23, 1993 that these dates were not acceptable and that both parties needed to reschedule the deposition. Chapman's counsel then suggested June 17, 1993 and also agreed that any documents requested by Norwind would be available at that time for review. Norwind's counsel advised that he did not have the time to review the documents on this date; later Chapman's counsel canceled the deposition shortly before it was to take place. Although Norwind's counsel was unable to comply with Chapman's notice of the taking of the deposition of Norwind, he suggested five dates in July when Norwind would be available. Chapman's counsel responded that none of those dates were suitable.

Chapman failed to furnish adequate answers to interrogatories and did not produce documents requested by Norwind. This prompted Norwind to move the court for an order to compel discovery, which the court granted on July 30, 1993. The court also granted Norwind's motion to extend the discovery deadline "for the limited purposes of allowing Defendant to take Plaintiffs' depositions and to allow for the review of documents in Defendant's Request for Production of Documents." Chapman's counsel then canceled Chapman's deposition scheduled for August 17, 1993, because it was "inconvenient" and failed to produce the requested documents within ten days, as ordered by the court. Chapman's counsel offered the last two days of the extended discovery period for possible deposition dates, but Norwind's two attorneys were scheduled for their honeymoon or vacation, respectively, on those dates.

█ Chapman did not submit an opposition to Norwind's motion to dismiss. The trial court granted the motion to dismiss,

---

1. The dismissal was with prejudice. Super.Ct.Civ.R. 41(b).

2. The trial court issued a scheduling order on February 5, 1993, which set forth the discovery and other deadlines prior to the pretrial conference.

noting the "lack of opposition."[3] Subsequently, Chapman asked the court to reconsider its ruling, his counsel representing that he had not received Norwind's motion to dismiss in the mail. The court permitted Chapman to file a supplemental pleading to respond to matters raised in Norwind's motion to dismiss. The trial court, however, denied Chapman's motion to reconsider by order of December 29, 1993, citing a failure to show good cause "as to why this Court should vacate its order of dismissal." Chapman appeals from that order.

■ We begin our discussion of the legal issues this appeal raises by identifying the trial court rulings being appealed. Chapman appeals specifically from the order denying his motion to vacate the order of dismissal. His notice of appeal, however, can fairly be read to extend to the previous order of dismissal itself.[4] Chapman briefed the appeal as though both orders were fully before the court. Norwind briefed the case on the same basis. Accordingly, we will deem both orders before us. *See Perry v. Sera,* 623 A.2d 1210, 1214–15 (D.C.1993).

■ We deal first with the order of September 16th dismissing Chapman's action for failure to make discovery. In this particular case, Chapman's failure to oppose the motion to dismiss might have furnished an independent ground for affirming the court's ruling on that issue. Super.Ct.R.Civ.P. 12–I(e) (1994); *Perry, supra,* 623 A.2d at 1213 n. 7 (trial court may treat unopposed motion as conceded). The trial court, however, did not pursue this avenue in considering the motion for reconsideration, and made no finding of fact regarding the representation that Chapman's counsel did not receive the motion. As a result, the trial court was required to give *de novo* consideration to the merits of the original motion in ruling on the motion for reconsideration. *Cf. Stuckey v. Ahmad,* 644 A.2d 1377 (D.C.1994). We will, therefore, address together the merits of the original ruling and the ruling on the motion for reconsideration.

■ This court will reverse a dismissal only upon a showing of an abuse of discretion by the trial court. *Himmelfarb v. Greenspoon,* 411 A.2d 979, 982 (D.C.1980). The dismissal of a complaint for failure to adhere to a discovery order is among the sanctions available to the trial court under Super.Ct.Civ.R. 37(b). *Ungar Motors v. Abdemoulaie,* 463 A.2d 686, 687 (D.C.1983). Normally, a trial court, however, may impose such a heavy sanction only when "severe circumstances" are present. *Id.* at 688–69. This court considers two factors in determining whether "severe circumstances" exist: "(1) whether the opposing party has suffered any prejudice due to the failure to respond to discovery requests and (2) whether the failure was 'willful'—defined as a conscious or intentional failure to act as opposed to accidental or involuntary noncompliance." *Perry, supra,* 623 A.2d at 1218. Moreover, the trial court must consider less severe sanctions before dismissing a case. *Id.*

■ On appeal, Chapman argues that his actions were neither willful nor prejudicial to Norwind, and therefore dismissal was too extreme a sanction. We are persuaded, to the contrary, that the facts support a conclusion of willful noncompliance. Chapman's counsel canceled two scheduled depositions, and then agreed to a specified time for a

---

3. The trial court failed to specify the rule under which it dismissed, but it is reasonable to consider the action as one taken pursuant to Rule 37. A Rule 41(b) dismissal usually involves a plaintiff who fails to prosecute diligently over an extended period of time. *See* Super.Ct.R.Civ.P. 41(b) (1994); *Brown v. Cohen,* 505 A.2d 77 (D.C.1986) (stating the guidelines for dismissing under Rule 41(b) and noting that such a dismissal "should be granted sparingly"). This case, however, involves a failure to adhere to discovery deadlines rather than a failure to prosecute diligently. Therefore, a dismissal under Rule 41(b) would not have been appropriate.

4. Appellant apparently intended to appeal both the order of September 16, 1993, dismissing his complaint, and the court's order of December 29, 1993, denying appellant's motion to vacate. In the notice of appeal, appellant described the judgment or order on appeal as follows: "Denying Plaintiff's Motion to Vacate Order of Dismissal and Order Dismissing Complaint Filed December 16, 1993." As we will consider both orders, appellant will not be prejudiced by his lack of specificity concerning his intent to appeal from the order of September 16, 1993, dismissing the complaint.

third attempt to take his deposition, only to cancel again. Moreover, Chapman submitted incomplete answers to interrogatories and delayed the production of documents requested by Norwind. Furthermore, the cancellation of the deposition scheduled for August 17, 1993, came after the trial court had extended discovery for the purpose, *inter alia,* of enabling Norwind's counsel to complete Chapman's deposition. Chapman's counsel failed to return phone calls placed by Norwind's counsel in an effort to reschedule the deposition, and sent a letter stating that Chapman would be available for his deposition on August 30 or 31, the two days before the extended discovery period ended, days on which Norwind's lead attorney had scheduled his honeymoon and Norwind's other attorney had scheduled his vacation. Although Chapman and his counsel were aware of the scheduling order, the order compelling production of documents, and the order extending discovery until September 1, 1993, they made little effort to comply with these orders.

Moreover, Chapman is personally responsible for his failure to adhere to discovery requests. It is reasonable to expect Chapman, as an experienced attorney, to keep abreast of the proceedings. Chapman is also chargeable with awareness that his answers to the interrogatories, which he signed, were inadequate. Finally, Chapman's office and his counsel confused Norwind's counsel about the location of requested documents, and failed to produce them even after the court issued an order compelling their production. Chapman's attorney informed Norwind that all the relevant documents requested were located in Chapman's office and that he should "call Mr. Chapman's office to confirm a date and time to review those files." Norwind's counsel informed Chapman's attorney that he would be calling Chapman to confirm a date in order to review the requested documents. Chapman, however, called Norwind's attorney to inform him that the documents were not in his office but rather under the control of his attorney, and it would be useless and a waste of time to come to Chapman's office for an inspection.

The record also supports the conclusion that Chapman's actions were prejudicial to Norwind. This court has recognized that the primary purpose of the scheduling order is to keep litigation moving forward and to warn parties about deadlines they are expected to meet. "Failure to meet the deadlines undermines the goals of the schedule and prejudices the other side, which is also subject to deadlines." *Perry, supra,* 623 A.2d at 1220. Pursuant to the scheduling order, the original discovery period ended on June 5, 1993. Chapman failed to make himself available for a deposition even after the court ordered an extension of discovery in order to permit Norwind to take his deposition. Moreover, Chapman failed to produce the requested documents after the court entered an order compelling discovery. We therefore find ample support for the trial court's implicit conclusion that Chapman's noncompliance was willful and prejudicial to Norwind and warranted dismissal.[5]

■ In *Bussell v. Berkshire Assocs.,* 626 A.2d 22, 25 (D.C.1993), this court reversed the trial court's order of dismissal with prejudice because there was "lacking in the trial court's order ... any indication that he considered lesser remedies" for plaintiff's failure to comply with an order compelling discovery. *See Braxton v. Howard University,* 472 A.2d 1363, 1366 (D.C.1984) (trial court must "somehow indicate" that it has considered lesser sanctions).[6] The record shows that

---

5. Another relevant consideration is that in addition to causing prejudice to Norwind, the sanctioned conduct was prejudicial to the justice system. As we said in *Perry, supra,* 623 A.2d at 1219:

> Moreover, it is the plaintiff that is being sanctioned here. Appellant, as plaintiff, chose to utilize the court system to try to redress wrongs that had allegedly been done to her. When invoking such aid, a plaintiff should be prepared and willing to follow the rules that keep that system running in an orderly and efficient manner. Noncompliance with court orders and rules may cause the system to bog down and may adversely affect other litigants. When a plaintiff is personally responsible for this type of delay, he or she prejudices not only the defendant but also the ability of other persons—persons that are doing what is necessary to follow the rules—to utilize the system.

6. Appellee relies on *Lyons v. Jordan,* 524 A.2d 1199, 1201 (D.C.1987) for the proposition that

the trial court considered lesser sanctions here. The central contention that Chapman advanced in support of his motion for reconsideration was that the dismissal of the action was "not an appropriate sanction" for the conduct involved, i.e., that it was inappropriate to impose the most severe sanction available, dismissal with prejudice. In denying the motion, the trial judge stated that he had reviewed the "supplemental pleading" in which Chapman advanced that contention. The trial judge, therefore, necessarily considered less severe sanctions before he could conclude that dismissal with prejudice was in fact the appropriate remedy. In light of our precedents, it would have been preferable that the judge's order itself contain some affirmative indication that he had considered less severe sanctions available under Super.Ct.Civ.R. 37(b). Under the particular facts of this case, however, denial of the motion for reconsideration is sufficient indication that he had done so.

 Finally, with regard to the motion for reconsideration, we discern no abuse of discretion in the trial court's denial. *Perry, supra,* 623 A.2d at 1217. Chapman did not articulate any cogent reasons why the most severe sanction, dismissal with prejudice, was "not an appropriate sanction," nor did he rectify outstanding discovery problems or expressly assure the trial court that the past noncompliance would not continue. *See Perry, supra,* 623 A.2d at 1221 (affirming a denial of a motion to reconsider on similar grounds).

We therefore affirm the trial court's order of dismissal and its denial of appellant's motion to vacate judgment.

*So ordered.*

---

where blatant discovery abuses exist, the trial court need not consider less severe sanctions. *Lyons,* however, involved a dismissal where the

trial court had already imposed less severe sanctions without success. That is not the case here.