**Truong VAN MAN, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 93–CV–333.

District of Columbia Court of Appeals.

Argued Dec. 8, 1994.

Decided Aug. 24, 1995.

---

Paul H. Zukerberg, Washington, DC, for appellant.

Phillip A. Lattimore III, Assistant Corporation Counsel, with whom John Payton, Corporation Counsel at the time and Vanessa Ruiz, Principal Deputy Corporation Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, Washington, DC, were on the brief, for appellee.

Before WAGNER, Chief Judge, STEADMAN, Associate Judge, and BOWERS, Associate Judge of the Superior Court of the District of Columbia.*

STEADMAN, Associate Judge:

Truong Van Man appeals the dismissal with prejudice of his personal injury suit against the District. Although his counsel was present, Van Man himself failed to appear on the day his trial was scheduled, normally one of the most serious lapses a plaintiff can commit. Nonetheless, given the unusual congeries of difficulties presented by the record here in light of our existing case law, we reverse the order of dismissal.

I.

On April 26, 1991, Van Man filed a complaint against the District seeking damages for an accident involving his pick-up truck, allegedly caused by two D.C. Department of Transportation dump trucks. At a pretrial conference on July 9, 1992, a trial date was set for February 1, 1993, although the court's order was mistyped so that the trial date appeared as February 1, 1992. Van Man was not present in the conference room, but waited outside the conference room while the conference was going on.

On January 21, 1993, 10 days before the scheduled trial date, Van Man's counsel con-

---

10. In light of the disposition, we need not address the remaining arguments.

* Sitting by designation pursuant to D.C.Code § 11–707(a) (1995).

tacted the District's counsel and told him that he was unable to contact Van Man, an essential witness in his own case, and that he planned to move the court for a continuance. The District's counsel said that he would not oppose such a motion.[1] Accordingly, Van Man's counsel filed a motion for continuance on January 22, 1993,[2] but the trial court did not rule on that motion before the trial date.

When the case was called on February 1, Van Man's counsel explained to the court that his client had moved and had left his job, that a private investigator had been unable to locate his client, and therefore he had been unable to give his client notice of the trial date and was not ready to proceed with the trial. The court questioned why Van Man hadn't known of the trial date when he was present outside during the pretrial conference, why Van Man hadn't given his counsel a forwarding address and new phone number, and why Van Man had had no contact with his counsel for seven months.

It then developed, however, that counsel for the District was also unable to proceed to trial that day because he had a trial in the federal court that had been prolonged, and that the judge in that other case had released him for the morning only to come and tell the Superior Court that he couldn't appear in Van Man's trial until the next day.[3]

The court then noted the negative effect a continuance would have on the judicial system, pointing out that it had 677 cases on its calendar, that every time a case was continued it displaced another case "and puts someone else further behind", and that if he continued Van Man's trial it would be postponed until October. The court already had another trial set for the next day.

The court determined that it should deny the motion to continue and dismiss the case with prejudice. Van Man's counsel asked the court, "Why is that with prejudice as opposed to without prejudice, Your Honor?" The court replied:

Well, the statute of limitations has already arrived. And at this point it is with prejudice in view of the fact that the Plaintiff seven months [ago] should have been advised at pre-trial to be here and got here today. The Court considers that to be sufficient for abandonment of litigation ... litigants have an affirmative duty to keep counsel advised of addresses.... I think we need some strong management tool when citizens, when they bring suit, have a duty to keep counsel advised and he was at the pre-trial conference and the dates were set.

On February 12, 1993, Van Man contacted his counsel, and learned that his suit had been dismissed. On February 16, Van Man filed a motion for reconsideration. Van Man asserted that he had moved to Virginia in November 1992, that his counsel had been unable to reach him because the post office had not honored his change of address notice and request to forward his mail, and that counsel had therefore not been able to inform him of the trial date. Van Man also asserted that since the District's counsel was engaged in trial elsewhere, neither party was ready to go forward on the trial date.

On March 8, 1993, the trial court denied Van Man's motion. It observed that Van Man was present in the waiting room at the July 1992 pretrial conference, that his counsel had an affirmative duty to tell him the trial date upon leaving the pretrial conference, that it was "incredible" that Van Man learned for the first time on February 12, 1993, that his trial date had been February 1, 1993, and that Van Man had been "grossly negligent" in failing to keep in contact with his lawyers for seven months.

1. The District asserted before the trial court that this consent had been conditioned on the grant of the continuance prior to the trial date, but it is quite unclear whether any such condition was understood by plaintiff's counsel. In any event, it would appear that the parties expected a ruling on the motion prior to the trial date.

2. Super.Ct.Civ.R. 40–I requires that, "except for applications based on circumstances arising thereafter," applications for continuances be filed "not less than 30 days prior to scheduled trial date."

3. Several witnesses for the District were present, apparently called in the abortive hope that defense counsel would not be occupied in the other trial.

## II.

Dismissal under Rule 41(b)[4] lies within the exercise of the trial court's discretion. *Wolfe v. Fine*, 618 A.2d 169, 173 (D.C.1992). However,

> [g]iven the severity of dismissal as a sanction ... and the oft-stated preference for trial on the merits, this discretion must be exercised carefully and in accordance with standards identified in our cases. Thus, dismissal should be adopted as a remedy only in extreme circumstances and only after the trial court has considered lesser sanctions. The inquiry should include whether the conduct calling for sanctions was willful and whether the other party was prejudiced by it, and the sanction imposed should, wherever possible, be tailored to the offense. These factors serve as a basis for determining whether or not the trial court has abused its discretion.

*Id.*, quoting *Techniarts Video v. 1631 Kalorama Assocs.*, 572 A.2d 1051, 1054 (D.C.1990).

We have defined "willful" conduct as a "conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance". *See, e.g., Bussell v. Berkshire Assocs.*, 626 A.2d 22, 24 (D.C. 1993). The trial court made no explicit finding of wilfulness, however; he characterized the actions of Van Man and his counsel as "grossly negligent".[5] Either Van Man's counsel told Van Man of the trial date immediately following the pretrial conference and Van Man forgot, or counsel failed to do so. In either event, the consequences must be attributed to Van Man. *See, e.g., Rothberg v. Quadrangle Dev. Corp.*, 646 A.2d 309, 315 n. 21 (D.C.1994), *cert. denied,* — U.S. —, 115 S.Ct. 1382, 131 L.Ed.2d 235 (1995). Furthermore, Van Man could have been more diligent in ensuring and maintaining communication with his counsel. On the other hand, the pretrial order itself misstated the trial date. Van Man had been scrupulously faithful in appearing at all pretrial hearings, including waiting outside at the pretrial conference itself, and in responses to discovery deadlines.[6] His explanation about the failure of the post office to forward his mail was not challenged. And this was the first continuance requested in the case, not on the eve of trial but over a week previously and obtaining the consent of opposing counsel.[7]

More weighty in the balance here is an analysis of the issue of prejudice related to appellant's conduct. As we have noted on several occasions, at issue is not solely prejudice to the immediate parties but also to other participants in the court system as a whole. "Noncompliance with court orders and rules may cause the system to bog down and may adversely affect other litigants. When a plaintiff is personally responsible for this type of delay, he or she prejudices not only the defendant but also the ability of other persons—persons that are doing what is necessary to follow the rules—to utilize the system." *Chapman v. Norwind,* 653 A.2d 383, 387 n. 5 (D.C.1995), quoting *Perry v. Sera,* 623 A.2d 1210, 1219 (D.C.1993). Thus, even where little or no prejudice results to a particular defendant, dismissal may in appropriate circumstances be justified.

Here, however, there was present an additional feature of singular importance. The District was in a posture quite different from an imposed-upon defendant. The District itself was unable to proceed to trial on the appointed day and needed at least a brief

---

4. The trial court did not specify under which rule it dismissed the action, but commented that it considered the failure of the plaintiff to appear for trial as "abandonment of the litigation." Both parties on appeal assume the dismissal was ordered under Super.Ct.Civ.R. 41(b).

5. We do not exclude the possibility that gross negligence could be the functional equivalent of wilfulness or that a lesser standard may apply in cases of failure to comply with clear and important litigation steps such as trial dates.

6. *Cf. Ukwu v. Bell Atlantic–Washington, D.C. Inc.,* 652 A.2d 1109, 1110–11 (D.C.1995) (dismissal upheld where party had "a history of claiming lack of notice" and failure to appear at conference "was only the most recent instance of appellant's disregard for Superior Court procedures"); *Chapman v. Norwind,* 653 A.2d 383, 386–87 (D.C.1995).

7. Compare *Wolfe v. Fine,* 618 A.2d at 174–76, with *Taylor v. Washington Hosp. Ctr.,* 407 A.2d 585 (D.C.1979), *cert. denied,* 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980).

postponement as well.[8] Effectively, due to the schedule of the trial court, that meant a delay of over six months. In such circumstances, to lay sole blame upon one party for the trial delay through a dismissal with prejudice would seem justified only by egregious conduct by that party; otherwise, the windfall to an otherwise potentially liable defendant might be deemed disproportionate.

This is not to say that a plaintiff in such circumstances should go free of any sanction. Indeed, one of Van Man's arguments here is simply that the trial court failed to consider any lesser sanctions. We note that we have held that dismissal without prejudice is itself a lesser sanction, see *LaPrade v. Lehman*, 490 A.2d 1151, 1155–56 (D.C.1985), and that a court's denial of a party's motion, when that motion argued that dismissal with prejudice was too severe, is sufficient indication that the court considered and rejected less severe sanctions. *Chapman*, 653 A.2d at 388. Here, Van Man's counsel specifically asked the trial court, "Why is that with prejudice as opposed to without prejudice, Your Honor?", and the court gave its reasons, indicating that it had considered whether to dismiss the case without prejudice and had decided to dismiss with prejudice. Nonetheless, here the trial court operated on the assumption that the statute of limitations had run on Van Man's cause of action and hence, since a dismissal without prejudice would in such a case be indistinguishable from a dismissal with prejudice, it is arguably not clear that any effective lesser sanction was actually considered in the circumstances here.

Failure of a plaintiff to appear at trial is an aggravated form of failure to prosecute. Indeed, it is the subject of a rule in its own right, the wording of which comes close to suggesting that dismissal may be a natural consequence of such failure.[9] While it is not entirely clear that this rule applies here, since at least counsel for the plaintiff was present, we have in our case law recognized the particular importance of trial dates. "[S]pecial considerations exist when a party fails to appear on the day of trial ... parties and their counsel are strictly obliged to appear in timely fashion on the day of trial. A weighty and convincing justification is required to excuse failure to do so." *Milton Properties v. Newby*, 456 A.2d 349, 353 (D.C. 1983). We therefore do not mean to suggest that, absent even one of the particular circumstances presented here, the trial court would necessarily have erred in dismissing the case with prejudice. We hold only that given the totality of circumstances, the trial court's dismissal with prejudice must be vacated and the case remanded to be reset for trial.

*So ordered.*

---

**8.** The District's opposition to Van Man's motion for reconsideration specifically states: "Although defendant concedes that its attorney was not available to proceed with trial on February 1, 1993, defendant's counsel was prepared to proceed the next day." This is entirely consistent with our reading of the proceedings before the trial court on the day of trial. To be sure, plaintiff had more potential control of events forcing the postponement than did the District, but we do not think this difference is decisive here.

**9.** Super.Ct.Civ.R. 39–I(b) reads:

(b) *Where no response by party seeking relief.* When an action is called for trial and the party seeking affirmative relief fails to respond, an adversary may have the claim dismissed, with or without prejudice as the Court may decide, or the Court may, in a proper case, conduct a trial or other proceeding.