David HICKS, Appellant,

v.

DISTRICT OF COLUMBIA, et al., Appellees.

No. 96–CV–1743.

District of Columbia Court of Appeals.

Submitted June 15, 1999.
Decided July 15, 1999.

---

David Hicks, pro se.

Jo Anne Robinson, Principal Deputy Corporation Counsel, with whom Charles L. Reischel, Deputy Corporation Counsel, Sheila Kaplan, Assistant Corporation Counsel, and Robert Stockel, Assistant Corporation Counsel, were on the brief, for appellees.

Before STEADMAN and REID, Associate Judges, and MACK, Senior Judge.

PER CURIAM.

Appellant David Hicks contends that the trial court erred by denying his pre-trial motion for default judgment and by dismissing his 1993 assault claims as untimely filed. We affirm the trial court's denial of Hicks' motion for default judgment, and reverse the dismissal of Hicks' 1993 assault claims and remand for further proceedings.

## FACTUAL SUMMARY

On January 3, 1995, Hicks filed a complaint alleging that during the time he was incarcerated from May 27, 1993 to March 28, 1994, the District's negligent training and supervision of officers resulted in his being assaulted on several occasions by officers and once by a psychiatric block inmate. The complaint named as defendants the Mayor of the District of Columbia, the District of Columbia Department of Corrections ("DOC"), DOC's director, the warden of the D.C. Jail, a D.C. Jail doctor, and eight correctional officers.

On April 7, 1995 a scheduling order was issued requiring that all discovery be completed by August 7, 1995. On August 22, 1995, Hicks filed a *pro se* motion for default judgment stating that the District had failed to comply with the scheduling order. In its September 22, 1995 order, the trial court denied the motion without prejudice and stated "plaintiff has failed to give the court sufficient information upon which it can rule. Plaintiff may file a supplement to the original motion on or before October 10, 1995." Subsequently, Hicks filed a supplemental motion.[1]

---

1. It appears from the record that the trial court denied the supplemental motion during the pre-trial conference. However, a copy of the transcript from the pre-trial conference was not made a part of the record on appeal.

In its March 28, 1996 pre-trial order, the court stated that neither party would be permitted to call witnesses other than themselves since "no witness list has been exchanged or filed" by either party. A jury trial was held on November 26, 1996. At trial, the court dismissed Hicks' 1993 assault claims as untimely since the claims were not filed within one year of the incidents, pursuant to D.C.Code § 12–301 (1995). The jury found in favor of all defendants. Hicks timely appealed.

## ANALYSIS

■ Hicks contends that the trial court erred by not allowing him to present evidence in support of his 1993 assault claims. In response, the District concedes that the trial court erred when dismissing Hicks' 1993 assault claims since the one year statute of limitations · was tolled by his incarceration. *See* D.C.Code § 12–302(a) ("[W]hen a person entitled to maintain an action is, at the time the right of action accrues: ... (3) imprisoned—he or his personal representative may bring action within the time limited after the disability is removed."). We agree, and thus, we reverse the trial court's dismissal of Hicks' 1993 assault claims and remand for further proceedings.

■ Hicks also contends that the trial court erred by denying his *pro se* motion for default judgment since the District of Columbia "failed to comply with all of the April 7, 1995 scheduling order." In response, the government argues, and we agree, that it was "well within the trial court's discretion" to deny Hicks' motion since he failed to provide the court with sufficient grounds to impose such a harsh sanction. *See Weiner v. Kneller*, 557 A.2d 1306, 1309 (D.C.1989) ("The trial court has broad discretion to apply discovery sanctions, including the discretion not to apply sanctions at all.") (citations omitted). Furthermore, the trial court did not abuse its discretion in the pre-trial order when it imposed the sanction that neither party could call witnesses other than themselves

since both parties had failed to exchange or file their witness lists. *See Talley v. Varma*, 689 A.2d 547, 550 n. 1 (D.C.1997) ("A trial court['s] ... resolution of discovery problems 'will not be disturbed upon appeal unless discretion has been abused.' ") (quoting *Rosenthal v. Nat'l Produce Co.*, 573 A.2d 365, 374 (D.C.1990)); *see also Weiner, supra*, 557 A.2d at 1309 ("[A]buse may only be found where the trial judge has imposed 'a penalty too strict or unnecessary under the circumstances.' ") (quoting *Henneke v. Sommer*, 431 A.2d 6, 8 (D.C.1981)).

Accordingly, for the foregoing reasons, we affirm the trial court's denial of Hicks' motion for default judgment and we reverse the dismissal of his 1993 assault claims and remand for further proceedings.

*So ordered.*