**Frederick L. HENNEKE, et al., Appellants,**

v.

**Joel S. SOMMER, et al., Appellees.**

**No. 80–227.**

District of Columbia Court of Appeals.

Argued Feb. 19, 1981.

Decided May 13, 1981.

Patrick J. Moran, Washington, D. C., for appellants.

No appearance entered and no brief filed for appellees.

Before KELLY, FERREN and PRYOR, Associate Judges.

**PRYOR, Associate Judge:**

In this action arising from the purchase of a residence, appellants alleged, among other claims, breach of contract and breach of warranty. At the close of appellants' case-in-chief, the trial judge, ruling that appellants had failed to present sufficient admissible evidence on the question of damages,[1] directed a verdict in favor of appellees.

In resolving this appeal we do not reach the issue of sufficiency since, in our view, the trial court abused its discretion in excluding certain evidence during the course of trial as a sanction for appellants' failure to provide discoverable information. We therefore reverse and remand for a new trial.

I

On June 2, 1976, appellant Frederick L. Henneke entered into a contract with appellee Joel Sommer to purchase one of five rowhouses located in the District of Columbia which appellees were renovating for resale. At the time the agreement was executed, appellant had viewed one of the rowhouses which was shown as a model. The house which he was to purchase was undergoing renovation and was not yet in a finished condition.

The contract provided six contingencies on behalf of the purchasers including: "satisfactory inspection of property by purchaser's contractor as to sound construction, foundations, roof, plumbing and electricity—to include heating and air conditioning system." Other contingencies involved financing, termite inspection, landscaping, installation of appliances, carpeting and security bars. Interestingly, the agreement also stated that the property was to be sold in "as is" condition.

After settlement and the transfer of title, appellants began to experience difficulties with the house. Among the complaints enumerated were a defective roof, a sagging floor, rodents, improper installation of air conditioning equipment, and a defective skylight which caused water damage. Unable to resolve these problems with the sellers, appellants brought this action on September 12, 1977.

Prior to trial, both sides sought discovery. Initially, each party made a request for the production of documents (Super.Ct.Civ.R. 34). In addition to propounding certain interrogatories (Super.Ct.Civ.R. 33) to appellants, appellees also requested permission to inspect the premises. When appellants failed to respond, appellees filed a motion to compel compliance or, in the alternative, a request for an order dismissing the action. In reply, appellants indicated that arrangements had been made for inspection of the house and that they had complied with the discovery demands in all other respects. The docket entry noted: "Defendants' motion to compel is withdrawn, plaintiff having provided answers sought."

\* \* \* \* \* \*

The second part would be what loss have the Plaintiffs suffered by reason of the failure, of the alleged failure, of the Defendant to perform these repairs.

\* \* \* \* \* \*

[A]s jurors you're left to conjecture and speculate as to the measure of damages. What damages did the Plaintiff suffer?

Well, the law as we see it, the jury cannot be left to conjecture and speculate as to the measure of damages and it's our ruling here that that's what you would have been required to do.

So we'll grant the motion by the Defendant of a directed verdict and we'll enter a verdict by the jury in favor of the Defendant.

---

1. In directing a verdict against appellants, the judge was concerned with the proof of damages. Both the court and counsel gave considerable attention to the appropriate measure of damages. However, during the course of trial, much of appellants' evidence as to the cost of repairs was struck as a sanction for failure to comply with discovery. *See*, p. 8 *infra*. A second measure of loss—the diminution in value of the property—was also deemed unproven. Thus, the court concluded:

There are two elements which the Plaintiffs wanted the jury to consider as damages, first with respect to the cost of repairing the damages of the items which the Plaintiff says were not done pursuant to a warranty given by the Plaintiffs at the time of the execution of the contract for the purchase of this property.

A second effort at discovery began with appellees' supplemental interrogatories and supplemental request for production of documents. Appellants' response was to file supplemental answers to the first set of interrogatories and later to object to all of the supplemental discovery as "overly broad," "vexatious" and "unduly burdensome." Appellees did not file a motion to compel.

Such was the posture of the case when it was called for trial. Before a jury was impanelled, appellees' counsel offered two motions. The first urged the court to limit the scope of appellants' recovery because they had failed to mitigate damages. The latter sought to exclude any claim of breach of warranty on the basis of the "as is" clause in the contract. More central to this appeal was an additional request that proof of damages be limited because of appellants' failure to provide complete and adequate response to discovery. While urging this position upon the court, appellees' counsel acknowledged that he had made no recent motion to compel discovery. He explained that he had deferred taking action because he perceived a backlog in the motions court. The judge did not rule on any of these requests and the trial commenced with the matters unresolved.

During the course of appellants' case-in-chief, several attempts were made to elicit the specific cost of repair of items alleged to be defective. Upon repeated objection by counsel for appellees because of appellants' failure to earlier provide the information through discovery, the court eventually sustained appellees' position and reasoned as follows:

The items which he testified to were items involved in an inquiry, questions under a motion to produce or interrogatories, I forget which.

Now I'm sure you would stand on your right if the defense attempted to offer evidence of transactions, of items or repairs or whatever, that you had requested that you be advised of in advance of the trial so that you would have an opportunity to check them out and make whatever investigation you wanted. That's the purpose of discovery.

Now, Defendant was not given the opportunity to discover, to inquire into these items which the Plaintiff said he had done.

So that's the basis of—I want the record to show the reason why we denied the right to offer in evidence the cost of these items.

Thus, on the basis of the deficiencies in the evidence, particularly in the area of damages, the court granted the motion for directed verdict in favor of appellees.

## II

■ Superior Ct.Civ.R. 37, Failure to Make Discovery: Sanctions, is substantially identical to Fed.R.Civ.P. 37, and provides a remedy against a party who has failed to respond to discovery or has given incomplete or evasive answers. The language of the Rule is clear that, in the circumstances presented, sanctions can be imposed only upon failure to comply with an order of the court. *See also* Super.Ct.Civ.R. 37(d). In general, when a party seeking discovery encounters a delinquency, the discovering party may apply for an order to compel discovery. If the opposing party fails to comply with the resulting order, the court may then utilize an array of sanctions. The trial court has broad discretion in this regard. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Himmelfarb v. Greenspoon*, D.C.App., 411 A.2d 979 (1980); *Corley v. BP Oil Corp.*, D.C.App., 402 A.2d 1258 (1979); *Pollock v. Brown*, D.C.App., 395 A.2d 50 (1978). The exercise of this discretion will only be disturbed if the judge has used this power by "imposing a penalty too strict or unnecessary under the circumstances." *Dodson v. Evans*, D.C. App., 204 A.2d 338, 341 (1964) (citations omitted).

■ In this case, there was in the first round of discovery, a motion to compel discovery. However, this motion was withdrawn and the record contained a notation that the information sought had been provided. During the second series of discovery requests, appellants answered with objections and appellees took no further action. If, as appellees claimed, appellants'

answers were incomplete or evasive, it was incumbent upon them to request that the court resolve the outstanding questions by order.[2] The discovery procedures contemplate that noncompliance with such an order would then set the stage for the imposition of sanctions

It is evident, in the second round of discovery, that appellees' failure to file an appropriate motion when confronted with appellants' objections, created a situation in which there was no order upon which sanctions could be grounded. The exclusion of evidence during trial, in the absence of any prior order directing compliance by appellants, was therefore error. We observe that neither appellants nor appellees utilized the discovery rules as they were intended: "to secure the just, speedy and inexpensive determination"[3] of an action. Nonetheless, the ruling striking certain evidence clearly affected a substantial aspect of appellants' proof and must be deemed an abuse of discretion requiring reversal.

Accordingly, we reverse and remand for a new trial.

*Reversed and remanded.*

---

**2.** A motion under Super.Ct.Civ.R. 37(b) would have been appropriate. A request for an immediate sanction under Super.Ct.Civ.R. 37(d) is generally appropriate only in the circumstance where the party to whom the discovery is di-

rected has totally failed to respond. *See Hall v. Watwood*, D.C.App., 289 A.2d 626 (1972).

**3.** Super.Ct.Civ.R. 1.