Earlene **LOFTON**, Appellant/Cross–Appellee,

v.

**KATOR & SCOTT, Chartered,**
Appellee/Cross–Appellant.

Nos. 00–CV–1644, 01–CV–155.

District of Columbia Court of Appeals.

Argued June 18, 2002.
Decided July 18, 2002.

period has expired." D.C.Code § 47–1303.01    (2000).

Geraldine H. Owens for appellant/cross-appellee.

Ronald W. Fuchs, with whom Mark Werblood was on the brief, for appellee/cross-appellant.

Before STEADMAN and REID, Associate Judges, and KING, Senior Judge.

KING, Senior Judge.

Before this court are an appeal and a cross-appeal challenging the trial court's orders of November 17, 2000, dismissing Kator & Scott's complaint and Lofton's counterclaim. The only issue is whether the trial judge abused his discretion in dismissing the complaint and counterclaim based solely on the parties' complete inaction with respect to their claims for at least fourteen-and-a-half months. We remand the case to the trial court for further proceedings in light of what we have said in this opinion.

■ While the trial judge did not refer specifically to Super. Ct. Civ. R. 41(b),[1] the dismissals are assumed to be based on that rule since the judge cited the lengthy delay and a failure to prosecute as grounds for dismissal of the complaint and counterclaim. *See Wolfe v. Fine,* 618 A.2d 169, 172 n. 10 (D.C.1992) (citing *Techniarts Video, Inc. v. 1631 Kalorama Assocs.,* 572 A.2d 1051, 1053 n. 10 (D.C.1990)). Also, because the judge did not indicate otherwise, the dismissals are deemed to be with prejudice. *Granville v. Hunt,* 566 A.2d 65, 66 n. 1 (D.C.1989) ("A dismissal under Rule 41(b), unless otherwise specified, is with prejudice.").

The original complaint was filed by Kator & Scott on July 24, 1998, seeking damages against Lofton, a former client of the firm, for breach of contract for her failure to pay legal bills in the amount of $36,121.66. Lofton's counterclaim, filed on October 13, 1998, alleged that Kator & Scott had committed legal malpractice in its representation of her and that she was entitled to damages. Subsequent to the filing of the complaint and Lofton's failure to file a timely answer, a default was en-

---

1. The Rule states, in pertinent part:
   For failure of the plaintiff to prosecute or to comply with these Rules or any order of Court ... the Court may, *sua sponte,* enter an order dismissing the action or any claim therein. Any order of dismissal entered *sua sponte* ... shall not take effect until fourteen (14) days after the date on which it is docketed and shall be vacated upon the granting of a motion filed by plaintiff within such 14 day period showing good cause why the case should not be dismissed. Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.
   Super. Ct. Civ. R. 41(b).

tered against Lofton on Kator & Scott's original complaint on September 30, 1998. However, after Lofton's consent motion to set aside the default was granted, Lofton's answer and counterclaim were deemed filed on October 13, 1998. The scheduling conference originally scheduled for October 30, 1998, had been cancelled on October 7, 1998, likely due to the fact of the initial default. It appears from the record that, even though the case was reinstated by the court's October 13, 1998 order, no scheduling order was entered thereafter and no other scheduling conference ever took place in the case.

On December 7, 1998, Kator & Scott's counsel filed certificates of discovery for a response to a request for admissions and a response to a request for production of documents. On February 16, 1999, Kator & Scott filed a certificate of discovery for interrogatories. On April 7, 1999, after failing to receive a response to its interrogatories or a March 29, 1999 letter to Lofton's counsel indicating that it had not yet received discovery from Lofton, Kator & Scott filed a Motion to Compel Discovery and for Sanctions. The trial court issued a written order on May 3, 1999, imposing upon Lofton sanctions in the amount of $250 and ordering Lofton to provide responses to the interrogatories previously propounded by Kator & Scott by May 20, 1999.[2] On July 22, 1999, Kator & Scott filed a certificate of discovery for another request for production of documents. The record does not indicate any filings or any other actions by the parties after that date.[3] The next entry is an October 23, 2000 order, issued *sua sponte*, scheduling a status hearing for November 17, 2000. The complaint and counterclaim were dismissed on that date after a hearing. Lofton filed her notice of appeal on December 18, 2000, and Kator & Scott filed its notice of appeal on January 2, 2001.[4]

■ When the court dismissed the complaint and counterclaim, the case had lain dormant for at least fourteen-and-a-half months.[5] During that period there

2. At the hearing on November 17, 2000, counsel for Kator & Scott claimed that Lofton never complied with that order, while counsel for Lofton insisted that she had. Lofton filed a certificate of discovery on April 26, 1999, asserting that responses to interrogatories were mailed to Kator & Scott on April 16, 1999; however, Kator & Scott stated that the responses were not under oath. *See* Super. Ct. Civ. R. 33(b)(1). Counsel for Lofton represented to the court that verified responses to the interrogatories were filed in July 1999; however, there is no certificate of discovery to that effect in the record and Kator & Scott represents that it has never received a verified response to its interrogatories. The trial court made no findings on that point.

3. Counsel for Lofton represented that discovery responses were submitted by her in late July 1999 and in September 1999. There are no certificates of discovery in the record reflecting either action.

4. Lofton incorrectly contends that Kator & Scott's notice of appeal was not timely filed. According to Lofton, a notice of appeal should

have been filed by Kator & Scott, at the latest, on the same day her notice of appeal was filed, *i.e.*, December 18, 2000. D.C.App. R. 4(a)(1) provides, however, that, "[i]f a timely notice of appeal is filed by a party, any other party to the proceeding in the Superior Court may file a notice of appeal within fourteen days of the date on which the first notice of appeal was filed...." Pursuant to that provision, therefore, Kator & Scott had fourteen days after December 18, 2000, the date Lofton filed her notice of appeal, to file its notice of appeal. *See* D.C.App. R. 4(a)(1). As the fourteenth day fell on January 1, 2001 (New Year's Day, a federal holiday not counted in the computation of time if it falls on the last day allowed for the filing), Kator & Scott's January 2, 2001 notice of appeal was timely. *See* D.C.App. R. 26(a).

5. This period of time is measured from the date Lofton represents she responded to discovery, in September 1998, to the date of the hearing, November 17, 2000. So far as the record reveals, however, no action was taken by the parties from July 22, 1999 up to the

was no further discovery, Kator & Scott took no action with respect to its claim that Lofton never complied with the order compelling discovery entered by the trial court on May 20, 1999, and no dispositive motions were filed by either side. For all appearances, both parties had abandoned their claims. In light of that history we are not at all unsympathetic to the degree of frustration expressed by the trial judge regarding the inaction of the parties shown here. We are mindful that cases which linger for no good reason impose a burden upon court staff and judges and adversely impact resolution of other cases on the calendar.[6] *See Dobbs v. Providence Hosp.,* 736 A.2d 216, 221 (D.C.1999) ("[A]t issue is not solely prejudice to the immediate parties but also to other participants in the court system as a whole.... [E]ven where little or no prejudice results to a particular defendant, dismissal may in appropriate circumstances be justified." (internal citations and quotation marks omitted)). That being said, however, we must remember that

> the trial court's discretion [to dismiss a case with prejudice under Rule 41(b)] .... must be exercised carefully and in accordance with standards identified in our cases. Thus, dismissal should be adopted as a remedy only in extreme circumstances and only after the trial court has considered lesser sanctions. The inquiry should include whether the conduct calling for sanctions was willful and whether the other party was prejudiced by it, and the sanction imposed should, wherever possible, be tailored to the offense. *These factors serve as a*

*basis for determining whether or not the trial court has abused its discretion. Furthermore, at least as a general proposition, dismissal with prejudice is an appropriate sanction only upon clear evidence of deliberate delay or upon a showing of contumacious conduct by the plaintiff. When the conduct calling for sanctions consists of delay, other relevant factors include the length of the delay and the resulting prejudice, if any, to the defendant.*

*Wolfe, supra,* 618 A.2d at 173 (internal citations and quotation marks omitted) (emphasis added); *Smith v. Fairfax Vill. Condo. VIII Bd. of Dirs.,* 775 A.2d 1085, 1094 (D.C.2001). Another relevant factor to be considered is the reason for the delay. *Smith, supra,* 775 A.2d at 1094.

■ In this case, we do not know whether the trial court considered: (1) the reasons for the parties' delay in prosecuting their respective claims; (2) whether the parties' delay was deliberate or the result of contumacious conduct; (3) the propriety of any less severe sanctions; or (4) the prejudice, if any, to either party. *Wolfe, supra,* 618 A.2d at 173; *Smith, supra,* 775 A.2d at 1094.

Nor do we know whether the order compelling discovery was ever complied with and, if not, why Kator & Scott did not seek to enforce it. *See* Super. Ct. Civ. R. 37(b).

■ We do not believe that the circumstances here necessarily presented the trial court with all or nothing alternatives, *i.e.,* the trial court was not limited to either dismissing with prejudice or doing nothing.[7] "[D]ismissal should be adopted as a

---

date of the hearing—a period of nearly sixteen months.

6. The trial court observed that each trial judge had 400 to 500 cases on their calendars.

7. Because the delay was caused by both parties, the court could have simply scheduled

the case for trial. The parties would have been hard-pressed to justifiably assert an unreadiness to proceed to trial where any unreadiness was due to their own lack of diligence in pursuing their claims. *See Hairston v. Gennet,* 501 A.2d 1265, 1268 (D.C.1985) (holding that length of pendency of lawsuit is proper factor for trial judge's consideration

 

remedy only in extreme circumstances and only after the trial court has considered lesser sanctions." *Wolfe, supra,* 618 A.2d at 173; *Redman v. Kelty,* 795 A.2d 684, 687 (D.C.2002); *District of Columbia v. Serafin,* 617 A.2d 516, 519 (D.C.1992) (per curiam). *See, e.g., Gill v. Howard Univ.,* 801 A.2d at 950–51 (D.C.2002) (per curiam) (affirming dismissal without prejudice of plaintiff's complaint and issuance of default judgment against plaintiff on defendant's counterclaim for, *inter alia,* failure to prosecute case, failure to appear at pre-trial conference, and failure to engage in proper or meaningful discovery). "Alternative sanctions [the court could have imposed but failed to] include[d] dismissal without prejudice, an assessment of ... costs and reasonable fees against [either party], or a finding that [either party's counsel] [wa]s in contempt of court and the imposition of a fine." *LaPrade v. Lehman,* 490 A.2d 1151, 1155–56 (D.C.1985) (footnotes omitted).[8]

Because the trial court entered dismissals with prejudice without considering the factors we have mentioned or potential alternative courses of action, we must remand the case for further proceedings. On remand, the trial court should take such action it deems appropriate consistent with what we have said in this opinion and in the authorities relied upon.[9]

*Case remanded.*

---

when ruling on motion to continue trial); *Wahl v. Watkis,* 491 A.2d 477, 479 (D.C.1985) (per curiam) (holding that adequate notice of hearing and opportunity for discovery also relevant to decision whether to grant motion for continuance).

8. Alternatively, after a more intensive inquiry directed to counsel, the trial court may have been able to fairly conclude that the delay was willful or deliberate, a finding necessary for the imposition of the sanction of dismissal with prejudice. In addition, the court could

consider awarding lesser sanctions patterned on those sanctions available to the court when a party has failed to obey an order to provide or permit discovery. *See* Super. Ct. Civ. R. 37(b)(2).

9. Because this is a case remand, a party seeking review by this court of any final order entered in the future by the trial court must file a new notice of appeal from such order. *See Bell v. United States,* 676 A.2d 37, 41 (D.C.1996).