John ROE, Appellant,

v.

Jane DOE, Appellee.

No. 12–CV–970.

District of Columbia Court of Appeals.

Argued May 22, 2013.
Decided Aug. 8, 2013.

Daryle A. Jordan, Annandale, VA, with whom Richard E. Patrick was on the brief, for appellant.

Jonathan S. Zucker, Brooklyn, NY, for appellee.

Before WASHINGTON, Chief Judge, BECKWITH, Associate Judge, and STEADMAN, Senior Judge.

WASHINGTON, Chief Judge:

In June 2011, appellee Jane Doe sued appellant John Roe[1] claiming that he neg-ligently infected her with herpes during their relationship in 2010.[2] Appellant appeals from a jury verdict finding him liable for one count of negligent infliction of herpes and argues that the judgment should be reversed and the case remanded because the trial judge abused his discretion in imposing on him a disproportionately severe discovery sanction for his failure to properly provide sexually transmitted disease ("STD") test results to appellee. For the reasons articulated below, we find that the trial judge did abuse his discretion in imposing a disproportionately severe sanction for appellant's discovery violation. Accordingly, we reverse and remand this case for further proceedings consistent with this opinion.[3]

## I. FACTS

On June 2, 2011, appellee Jane Doe filed a lawsuit against appellant John Roe claiming that he infected her with genital herpes during their sexual relationship in 2010. Appellant and appellee met in November 2009 and began dating shortly thereafter. In March 2010, the parties began engaging in sexual relations. Appellee alleged that appellant transferred herpes to her around June 18, 2010, and produced medical records at trial showing that she tested negative for herpes on June 7, 2010, and tested positive for

---

1. "Jane Doe" and "John Roe" are both pseudonyms that were employed in the trial court proceedings.

2. Appellee's full complaint alleged entitlement to damages under one count of negligent infliction of herpes, one count of invasion of privacy, one count of intentional infliction of emotional distress, and one count of fraudulent misrepresentation. The jury found against appellant on the negligence count, which is the only count on appeal, and for appellant on the other counts.

3. On appeal, appellant makes two additional evidentiary arguments regarding the trial judge's exclusion of his expert witness and admission of appellee's Kaiser Permanente STD test records. In light of the fact that a new trial will take place, we need not address appellant's two evidentiary challenges. The exclusion of appellant's expert witness was based on appellant's failure to comply with certain pretrial requirements, which presumably will not recur. The admission of appellee's medical records in a certain form may not necessarily be duplicated in a new trial.

herpes on June 27, 2010. Appellant testified that he was never told by anyone that he had herpes before becoming sexually intimate with appellee.

### Pre–Trial Motions

Appellant represented himself through pretrial discovery, motions, and the trial below.[4] On July 29, 2011, appellee served appellant with a request for an independent medical examination to establish whether he had herpes. Appellant did not respond to this request and appellee subsequently moved to compel discovery of appellant's herpes status. On November 30, 2011, the motions judge directed appellant to "file with the court under seal, a certified copy of an STD test" by December 16, 2011. On January 18, 2012, over a month after the filing deadline, appellant filed notarized results of an STD test taken on December 5, 2011, however, the only test results that were reported related to chlamydia and gonorrhea. In addition, the test results were filed in a packet that did not comply with the motion judge's filing instructions.[5] Appellee moved for sanctions, specifically requesting that the trial court enter default judgment against appellant or strike appellant's answer with regard to the claim of negligence.

On January 24, 2012, the trial judge ordered appellant to file the results of a test for herpes no later than February 3, 2012, and to show cause for his failure to comply with the November 30 order. On January 30, 2012, appellant took a test specifically for herpes, which came back positive. Appellant explained to the trial judge that when he obtained his first STD test, he believed that he was complying with the November 30 order, as it only stated that he needed to take an "STD test" and he was not aware that a general STD test did not include herpes.

On February 13, 2012, the trial judge sanctioned appellant for non-compliance with the November 30 order, finding that the order was clear about both the type of test he needed and how he needed to file the results. As a sanction, the trial judge prohibited appellant from contesting at trial that he had herpes during the time of his sexual relationship with appellee. In fact, on the first day of trial, the trial judge instructed the jury that "there's no issue in this case about whether or not [appellant] had herpes in late 2009 or 2010. You should take it as a fact that he did."

### Trial

At trial, appellee testified that prior to having sexual relations with appellant, he told her that he had recently been tested and was negative for all STDs. Appellee further testified that she tested negative for herpes on June 7, 2010, that she had sexual relations with appellant—and only appellant—around June 18, 2010, and that she tested positive for genital herpes on June 27, 2010. Based on appellee's STD test records, which were admitted into evidence, appellee's expert witness testified generally about the herpes disease. Appellant was the only witness in his defense.

---

4. Appellant initially appeared through counsel, who was granted leave to withdraw at the scheduling conference on September 30, 2011.

5. Appellant filed a packet of materials with a cover page stating "Document Under Seal." Included in this packet was the November 30 order, a copy of a rejection sheet from the Clerk's office, a document entitled "Complying with Order," and the notarized results of the STD test taken on December 5, 2011. Appellant had been instructed to both file a certified copy of the STD test under seal and to provide a courtesy copy of the STD test to the judge. Appellant had also been advised that he could request guidance from the Clerk's office on how to file the document under seal.

He testified that he had never previously been told by anyone that he had herpes. In cross-examining appellee's medical expert he also intimated that appellee may have given him the disease. The jury returned a verdict in favor of appellee on the sole count of negligent infliction of herpes.

## II.  ANALYSIS

■ Appellant argues that the trial judge abused his discretion in sanctioning him for his failure to properly submit his STD results. First, he contends that the sanction was not warranted because the discovery violation was not willful and second, he contends that the sanction was too severe because it prevented him from arguing that he did not have herpes before he began his sexual relationship with appellee, something that the STD test results he was compelled to submit could never have disputed.

■ We disturb a discovery sanction on appeal only if the trial judge has abused his or her discretion by imposing "a penalty too strict or unnecessary under the circumstances." *Nolan v. Nolan,* 568 A.2d 479, 487 (D.C.1990) (quoting *Weiner v. Kneller,* 557 A.2d 1306, 1309 (D.C.1989)) (internal quotation marks omitted). When exercising its broad discretion, a trial court "must act in accordance with established standards, which include that … the sanction should fit the offense." [6] *Vincent v. Anderson,* 621 A.2d 367, 371 (D.C. 1993) (citing *Nolan,* 568 A.2d at 487). Furthermore, we have held that a trial court may impose an "extreme" sanction "only upon a showing of severe circumstances." *Smith v. Fairfax Village Condo. VIII Bd. of Directors,* 775 A.2d 1085, 1091 (D.C.2001) (quoting *Iannucci v. Pearlstein,* 629 A.2d 555, 559 (D.C.1993)). In determining what constitutes severe circumstances which would warrant such an extreme sanction, we "must determine whether the non-compliance resulted from willfulness and whether it prejudiced the other side." *Inter–Trade, Inc. v. CNPQ,* 761 A.2d 834, 838 (D.C.2000) (citing *Vincent,* 621 A.2d at 371); *see also Bonds v. District of Columbia,* 93 F.3d 801, 809 (D.C.Cir.1996) (requiring discovery sanctions to be "proportionate to the nature of the [party's] discovery violation and its effects on the litigation."). The court must

---

6.  The Superior Court Rules of Civil Procedure 37(b)(2) propose the following sanctions:

   (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

   (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

   (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

   (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of Court the failure to obey any orders except an order to submit to a physical or mental examination;

   (E) Where a party has failed to comply with an order under Civil Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subparagraph, unless the party failing to comply shows that party is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the Court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Super. Ct. R. Civ. P. 37(b)(2).

also consider whether "less severe sanctions will not suffice, notwithstanding 'the societal preference for a decision on the merits.'" *Smith*, 775 A.2d at 1091(quoting *Iannucci*, 629 A.2d at 559).

Appellant contends that the trial judge's discovery sanction was so severe that it amounted to a default judgment. While we disagree with that assertion, we do find that the sanction imposed here is an "extreme" sanction because it established, as a fact, an issue that is material and disputed, thus significantly prejudicing appellant's ability to defend himself. Specifically, the discovery sanction imposed in this case prevented appellant from raising several potential defenses to appellee's negligence claim, such as: that he couldn't have given appellee herpes because he did not have it during the time of their relationship, and that appellee already had herpes when they engaged in a sexual relationship and that she transmitted the disease to him. And although appellant was able to argue that he did not negligently inflict appellee with herpes because he did not know he had herpes during their relationship, the sanction significantly undermined that argument because the jury was unlikely to believe that appellant was unaware that he had herpes in June 2010 when the trial judge instructed the jury, based on its discovery sanction, that appellant already had herpes in late 2009.[7] *Cf. Henderson v. District of Columbia*, 493 A.2d 982, 993–94 (D.C.1985) (upholding discovery sanction establishing certain averred facts for repeatedly failing to respond to court orders compelling discovery in part because the facts "were not in real controversy"). Moreover, the sanction established as a fact that appellant had herpes during his relationship with appellee, something that appellant's STD test results could never have established even if he had obtained the tests in a timely fashion. For these reasons, the sanction imposed here was clearly an extreme one. Consequently, we must determine whether "severe circumstances" existed warranting such an extreme sanction.

■ Severe circumstances exist when the sanctioned party willfully failed to comply with reasonable discovery requests and/or court orders and the party requesting the discovery suffered significant prejudice. Here, even if we assume that appellant's failure to obtain the appropriate STD test in a timely fashion was done willfully, there is nothing in the record from which we can conclude that appellee suffered any prejudice from appellant's failure and appellee herself does not identify any prejudice she suffered as a result of appellant's discovery violation either in her pre-trial motion for discovery sanctions or on appeal. *See Braxton v. Howard Univ.*, 472 A.2d 1363, 1365–66 (D.C. 1984) (finding that appellee was not prejudiced due to appellant's discovery violation where appellee's counsel did not articulate any genuine prejudice to his client and explaining that "delay could not ordinarily be considered prejudicial *per se*."). While the trial judge in its order imposing the discovery sanction identified appellee's prejudice as "how important it is for [appellee] to know whether or not [appellant] has herpes," we fail to see how appellee was prejudiced by not having that informa-

---

7. When the trial judge initially imposed the sanction in its oral order it stated that appellant was prohibited from contending that he did not have herpes during his sexual relationship with appellee, which the evidence showed did not begin until approximately March 2010. Thus, it appears that the trial judge misspoke when it instructed the jury to take as fact that appellant had herpes in late 2009. Regardless, because appellant could not argue that he did not have herpes prior to his sexual relationship, even the sanction that the trial judge initially ordered was still too severe.

tion as she prepared her case for trial. *See Smith*, 775 A.2d at 1092 ("In assessing prejudice, the trial court should consider whether the failure of one party to provide information interferes with the ability of the other party to prepare for trial...."). Indeed, appellee's whole lawsuit was premised on the assumption that appellant had herpes and therefore, the results of the test would not have aided appellee in any meaningful way in terms of preparing for trial. Had the test results come back negative, she would simply have had no claim. Had the tests come back positive, as they did, there was no need for any substantial follow-up research or discovery because the fact that appellant was herpes positive was all that appellee could have hoped to establish through that discovery request. So unlike those cases where we have concluded that a discovery violation was prejudicial because it prevented a defendant from adequately preparing for trial, that is not the case here. *See Perry v. Sera*, 623 A.2d 1210, 1219–20 (D.C.1993) (finding discovery violation prejudicial where defendant could not adequately prepare for personal injury pre-trial conference without medical records from plaintiff and defendant had no chance to timely depose the newly identified doctors nor obtain their records because plaintiff filed their names a month after the discovery deadline). In addition, unlike cases where we have found a discovery violation prejudicial because of repeated failures on the part of one party over an extended period of time to provide important information to the other, appellant's failure to timely comply with the discovery request in this case did not extend over a long period of time and appellant only needed to file one motion to compel discovery and one motion for sanctions. *See Lyons v. Jordan*, 524 A.2d 1199, 1202 (D.C.1987) (finding discovery violation prejudicial where party withheld important information over two years re-

quiring repeated and continuous resort to court process to enforce discovery).

Moreover, by precluding appellant from calling any witnesses and/or arguing that he did not have herpes prior to and at the time of his sexual liaison with appellant, the sanction went far beyond addressing any possible prejudice that appellant could have suffered because of appellee's failure to timely provide appellant with the results of his STD test for herpes. Had appellant timely responded to the discovery request, all that appellee would have known is that appellant tested positive for herpes at a point in time after the parties had ended their sexual relationship with one another. Instead, the sanction imposed in this case established as a matter of fact that appellant had herpes before the parties began having sexual relations. Thus, the sanction was far more severe than any prejudice that could have been caused to appellee by appellant's failure to timely comply with the discovery request. At most, all that appellant would have been entitled to as a remedy, beyond perhaps compensation for having to file the discovery motion with the trial court, was a sanction that appellee could not contest that he had herpes on the date when the original test was ordered. *See Bonds*, 93 F.3d at 810 (overturning discovery sanction precluding the District of Columbia from calling any fact witnesses in an employment discrimination case for the District's repeated failure to turn over its witness list because the sanction was overbroad and plaintiff's prejudice would have been remedied by precluding only those witnesses who plaintiff had been unable to depose because of the violation). For these reasons, we find that the trial judge abused his discretion in imposing such an extreme discovery sanction in this case for appellant's failure to timely produce his herpes test results and, given the significant impact that the sanc-

tion had on appellant's ability to mount a defense, we are satisfied that the error was not harmless.

Accordingly, we order that the case be remanded to the trial court for a new trial consistent with this opinion and that the judgment in this case be vacated.

*So ordered.*